**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| SERGIO VASEAN MCCRAY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:26-cv-8-MTT-ALS |
| | : | |
| JOHN AND OR JANE DOES, | : | |
| | : | |
| Defendants. | : | |

---

### ORDER

Before the Court is a document filed by *pro se* Plaintiff Sergio Vasean McCray, a prisoner currently confined at Hancock State Prison in Sparta, Georgia, that has been docketed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also filed a motion for an extension of time to submit the forms required for proceeding *in forma pauperis* ("IFP") and requesting appointed counsel. (Doc. 3). For the following reasons, Plaintiff must (1) either pay the Court's filing fee in full or submit a proper and complete motion for leave to proceed IFP and (2) recast his Complaint on the Court's standard form within **TWENTY-ONE (21) DAYS** of the date of this Order if he wishes to proceed with his claims.

### MOTION TO PROCEED IFP

As an initial matter, Plaintiff has not paid the Court's $405.00 filing fee or submitted a motion to proceed IFP. A prisoner proceeding IFP must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Without a motion containing this information, the Court cannot determine whether Plaintiff is entitled to proceed IFP or calculate the average monthly deposits or

the average monthly balance in Plaintiff's prison trust account as required by 28 U.S.C. § 1915. *See id.* (requiring the district court to assess an initial partial filing fee when funds are available). Plaintiff is thus **ORDERED** to either pay the Court's $405.00 filing fee in full or submit a proper and complete motion to proceed without the prepayment of the filing fee, which should include a certified copy of his trust fund account statement. The Clerk is **DIRECTED** to provide Plaintiff with the appropriate forms for this purpose, marked with the case number of this case. Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to comply.[1]

## ORDER TO RECAST COMPLAINT

If Plaintiff wishes to continue with this action, he is also **ORDERED** to recast his Complaint on the Court's standard form within **TWENTY-ONE (21) DAYS** of the date of this Order. The recast complaint must contain a caption that clearly identifies, **by name**, each individual or entity that Plaintiff has a claim against and wishes to include as a defendant in this action.[2] Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then tell the Court exactly how that individual violated his constitutional or federal statutory rights, including (1) what each defendant did (or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions. Plaintiff must complete the entire complaint form.

---

[1] The Court recognizes that Plaintiff filed a motion requesting additional time to file his trust account certification. (Doc. 3). The Court ordinarily gives fourteen days to file a response but has extended the response time in this case to twenty-one days. To the extent Plaintiff requests additional time, his motion (Doc. 3) is **DENIED as moot**.

[2] Generally, "fictitious party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). This means that a plaintiff cannot simply name "John Doe" as a defendant if he does not know the defendant's actual name. The only exception to this rule is when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his actual name is unknown. *See id.* (citing *Dean v. Barber*, 951 F.2d 1201, 1215-16 (11th Cir. 1992)). Therefore, to proceed against an unnamed defendant, a plaintiff must provide a "description of some kind which is sufficient to identify the person involved so that process can be served." *Dean*, 951 F.2d at 1216 (internal quotation marks omitted).

Plaintiff's recast complaint **shall take the place of and supersede all allegations made in the original Complaint (ECF No. 1).** The Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint on the enclosed § 1983 form. Thus, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. As stated above, Plaintiff must name each defendant he wishes to sue and if Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. The Clerk is **DIRECTED** to send Plaintiff a copy of the Court's standard § 1983 form, marked with the case number for this case, that Plaintiff should use to submit his recast complaint.

## MOTION FOR APPOINTED COUNSEL

Plaintiff also moved for appointed counsel in this case. (Doc. 3). A district court "may request an attorney to represent any person unable to afford counsel."[3] 28 U.S.C. § 1915(e)(1). There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (citations omitted). Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* (citations omitted). In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of

---

[3] The statute, however, does not provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (citations omitted) (stating that the district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915(e)(1) provides no such authority).

service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that the appointment of counsel is not justified. Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court. Plaintiff's case is not complex. Additionally, at this early stage in the litigation, it is unclear if the case will proceed to trial. Thus, there is no basis to conclude that counsel will be needed for the presentation of evidence or cross examination of witnesses. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

As such, Plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, on its own motion, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## CONCLUSION

Based on the foregoing, Plaintiff is **ORDERED** to (1) pay the $405.00 filing fee in full or submit a complete and proper motion for leave to proceed IFP, to include a certified copy of his prison trust fund account information, and (2) recast his Complaint as explained above within **TWENTY-ONE (21) DAYS** of the date of this Order if he wishes to proceed with his claims. Plaintiff's motion for appointed counsel (ECF No. 3) is **DENIED.** Plaintiff is further **DIRECTED**

4

to notify the Court immediately in writing of any change in his mailing address. **If Plaintiff does not timely and fully comply with this Order, this action may be dismissed.** There shall be no service of process in this case until further order of the Court.

SO ORDERED, this 5th day of February, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE

5